KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Defendant-Intervenor Applicant Pro Se

FILED
AUG 0 5 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ZAO Hewlett-Packard A.O.,<br><br>　　　　Defendant,<br><br>KUANG-BAO P. OU-YOUNG,<br><br>　　　　Defendant-Intervenor Applicant. | Case No. CR14-00201DLJ<br><br>DEFENDANT-INTERVENOR APPLICANT'S NOTICE OF MOTIONS AND MOTION TO INTERVENE AND MOTION TO VACATE ORDER<br><br>Date: August 21, 2014<br>Time: 9:00 a.m.<br>Courtroom 7, 4th Floor<br>Judge: Hon. D. Lowell Jensen |

## NOTICE OF MOTIONS AND MOTIONS

TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSELS OF RECORD:

PLEASE TAKE NOTICE that on August 21, 2014, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7, 4th Floor, San Jose Courthouse, located at 280 South First Street, San Jose, California, the Honorable D. Lowell Jensen presiding, applicant Kuang-Bao P. Ou-Young will, and hereby does move, for the Court's permission to intervene in the present litigation. Simultaneously, applicant will, and hereby does move, to vacate a December 20, 2013 order issued by district judge Edward M. Chen dismissing the case C13-04442EMC. The motion to intervene is based on Federal Rule of Criminal Procedure 12(b)(3)(B), this notice of motions and motions, the memorandum of points and authorities set forth below, the pleadings and records on file in this case, and upon such further evidence and argument as the Court may consider at the time of the hearing on these motions.

## STATEMENT OF FACTS

1. On February 2, 2010, applicant filed a civil case against the United States Postal Service (the "Postal Service") (Case No. C10-00464RS, "Docket A"). On June 10, 2011, district judge Richard Seeborg issued a summary judgment and dismissed the case. Doc. Nos. A53, A54.

2. On May 31, 2012, applicant filed a civil case against four postal employees (Case No. C12-02789LHK, "Docket B"). Case C12-02789LHK resulted from the postal employees' presentation of false declarations in defense of the Postal Service in case C10-00464RS. As defense counsel in case C12-02789LHK, U.S. attorney Melinda Haag and assistant U.S. attorney James A. Scharf moved to dismiss the case on August 9, 2012. Doc. No. B20. On November 9, 2012, district judge Lucy H. Koh dismissed case C12-02789LHK. Doc. No. B28. Judge Koh denied applicant's motion to vacate the judgment dismissing case C12-02789LHK on June 10, 2013. Doc. No. B48.

3. In response to judge Koh's denial of the motion to vacate judgment in case C12-02789LHK, applicant filed a civil action on September 25, 2013 (Case No. C13-04442EMC, "Docket E"). As defense counsel in case C13-04442EMC, U.S. attorney Haag and assistant U.S. attorney Claire T. Cormier moved to dismiss the case on November 5, 2013. Doc. No. E24. On December 20, 2013, district judge Edward M. Chen dismissed case C13-04442EMC. With the same order, judge Chen subjected applicant's further complaints to "pre-filing review" by the "general duty judge." Doc. No. E40.

4. Acting under judge Chen's order dismissing case C13-04442EMC, district judges Ronald M. Whyte, Richard Seeborg, and Jeffery S. White dismissed applicant's subsequent complaints before allowing applicant to file (Case Nos. C14-80017RMW, C14-80018RS, and C14-80028JSW). These rulings were rendered to deny applicant procedural due process as guaranteed by the Fifth Amendment of the Constitution. As a result, applicant submitted his second petition for impeachment against named judges to members of the House Judicial Committee on April 25, 2014.

5. Substantial grounds for impeachment were left out of the April 25, 2014 petition for the sake of brevity. Hence applicant brought a more detailed civil complaint to the San Jose division on June 10. Still acting under judge Chen's order dismissing case C13-04442EMC, the receiving clerk assigned the complaint to district judge Beth Labson Freeman for pre-filing review (Case No. C14-80174BLF, "Docket MF").

6. On March 24, 2014, the United States instituted a criminal action against a certain individual a/k/a "Raymond Chow" as well as others (Case No. CR14-00196CRB, "Docket G"). On July 7, applicant moved to intervene in case CR14-00196CRB. Doc. No. G344. Judge Breyer denied applicant's initial motion to intervene in case CR14-00196CRB on July 8, the next day, before the United States opposed the motion. Doc. No. G345.

7. On April 9, 2014, U.S. attorney Haag filed the indictment information to institute the present action. Doc. No. 1.

8. In response to applicant's initial motion to intervene in case CR14-00196CRB, judge Freeman dismissed case C14-80174BLF before allowing applicant to file on July 8, 2014. Doc. No. MF2. As a result, applicant lodged a complaint against judge Freeman on July 17 (Case No. C14-80215EJD, "Docket MI"). Simultaneously, applicant lodged a complaint against judge Breyer due to his denial of applicant's initial motion to intervene in case CR14-00196CRB (Case No. C14-80214EJD, "Docket MH").

9. On July 22, 2014, applicant moved to intervene again in case CR14-00196CRB and to disqualify judge Breyer from the case. Doc. No. G367. On July 24, judge Breyer denied applicant's second motion to intervene in case CR14-00196CRB. Doc. No. G368. The denial led to the present motion to intervene.

10. On July 29, 2014, district judge Edward J. Davila dismissed case C14-80214EJD and case C14-80215EJD before allowing applicant to file. Doc. Nos. MH2, MI2. The dismissals led to the present motion to vacate order.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Dismissal of Case C14-80174BLF Has Denied Applicant Procedural Due Process**

On July 8, 2014, judge Freeman dismissed the complaint in case C14-80174BLF before allowing applicant to file. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). In *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934), the Supreme Court has held that a due process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Judge Freeman's dismissal order has denied applicant procedural due process in violation of the Due Process Clause of the Fifth Amendment to the Constitution.

**B. Dismissal of Case C14-80174BLF Acknowledges All Claims in the Dismissed Complaint**

In *San Francisco v. Philip Morris, Inc.*, 957 F. Supp. 1130, 1136 (N.D. Cal. 1997), the Court has held:

> Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted. The question presented by a motion to dismiss is not whether a plaintiff will prevail in the action, but whether she is entitled to offer evidence in support of her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).
>
> In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow plaintiff to develop her case at this stage of the proceedings. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

On July 8, 2014, judge Freeman dismissed the complaint in case C14-80174BLF before allowing applicant to file. ¶ 8. Because the dismissal was rendered without defendants' answer, judge Freeman's dismissal of the complaint in case C14-80174BLF acknowledges all claims in the dismissed complaint.

**C. U.S. Attorney Haag Lacks Jurisdiction in Filing the Current Indictment**

Claim 21 in the complaint in case C14-80174BLF shows that the motion to dismiss case C12-02789LHK interferes with *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Claim 105 in the same complaint shows that the motion to dismiss case C13-04442EMC interferes with *Scheuer* as well as *Mireles v. Waco*, 502 U.S. 9 (1991). Hence U.S. attorney Haag has fabricated both the motion to dismiss case C12-02789LHK and the motion to dismiss case C13-04442EMC in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c).

Civil Local Rule 11-6(a) provides:

> **General.** In the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct, in addition to any action authorized by applicable law, the Judge may do any or all of the following:

(1) Refer the matter to the Court's Standing Committee on Professional Conduct; or
(2) Refer the matter to the Chief District Judge with the recommendation that an order to show cause be issued under Civil L.R. 11-7. ...

Until U.S. attorney Haag's violations of 18 U.S.C. 1509, 1512(b), and 1512(c) in both case C12-02789LHK and case C13-04442EMC are resolved under Civil L.R. 11-6(a), U.S. attorney Haag lacks standing in practicing before the Court. Accordingly, the current indictment filed by U.S. attorney Haag on April 7 represents a defect. ¶ 7. More importantly, U.S. attorney Haag lacks jurisdiction in filing the current indictment. The present case should be dismissed for lack of jurisdiction under Federal Rule of Criminal Procedure 12(b)(3)(B).

**D. The Ninth Circuit Upheld Defendant Chow's 1995 Conviction by Invoking the Fairness, Integrity or Public Reputation of Judicial Proceedings at the District Court**

Defendant Raymond Chow in case CR14-00196CRB was convicted of conducting illegal gun sales in 1995. The Ninth Circuit subsequently upheld the jury conviction by invoking "the fairness, integrity or public reputation of judicial proceedings" at the district court. Specifically, in *U.S.A. v. Chow*, 145 F.3d 1341 (1998), the Ninth Circuit held:

> Finally, Chow argues the AUSA improperly vouched for the veracity of a witness. We review accusations of vouching under the multi-faceted balancing test set forth in *United States v. Necoechea*: ... 986 F.2d 1273, 1278 (9th Cir. 1993). Reversal is appropriate only if, viewing the error in the context of the entire record, the impropriety "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings, or where failing to reverse a conviction would amount to a miscarriage of justice." ... Chow admits there was no objection interposed at the time of trial, we thus review for plain error.
>
> The alleged vouching occurred during the AUSA's closing argument when, addressing a defense argument—raised both in counsel's opening speech and closing argument—that the prosecution was motivated from an anti-Asian or anti-immigrant bias, he stated:
>
> I would suggest to you that such an allegation has no place in the court. As a procedure, I have an oath to bring cases in a non-discriminatory manner, and I think this attack is nothing more than an attack on the integrity of this office and my self, and I would suggest to you that there's not a scintilla of evidence on the record to support such an allegation.

      ER Vol 2, Tab 12 at 1484. In the context of the entire record, the AUSA's statement did not seriously affect the fairness, integrity or public reputation of the judicial proceedings.

However, "the fairness, integrity or public reputation of judicial proceedings" at the district court has been compromised by improprieties as the complaint in case C14-80174BLF has exposed.

### E. The Fairness, Integrity or Public Reputation of Judicial Proceedings at the District Court Has Been Compromised

      Claim 149 in the complaint in case C14-80174BLF shows that the order dismissing case C13-04442EMC interferes with 28 U.S.C. § 144 and *Scheuer*. Hence judge Chen has fabricated the order in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c). Claim 179 in said complaint shows that the order dismissing case C14-80017RMW interferes with *Scheuer*. Hence judge Whyte has fabricated the order in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c). Claim 204 in the same complaint shows that the order dismissing case C14-80018RS interferes with *Scheuer*. Judge Seeborg has fabricated the order in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c). Claim 241 in the same complaint shows that the order dismissing case C14-80028JSW interferes with *Scheuer*. Hence judge White has fabricated the order in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c).

      By the same token, the order dismissing case C14-80174BLF interferes with *Scheuer*. Judge Freeman has fabricated the order in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c). In addition, either the order dismissing case C14-80214EJD or the order dismissing case C14-80215EJD interferes with *Scheuer*. Judge Davila has fabricated both orders in violations of 18 U.S.C. §§ 1509, 1512(b), and 1512(c).

      Accordingly, the improprieties as the complaint in case C14-80174BLF has exposed have compromised "the fairness, integrity and public reputation of judicial proceedings" at the district court.

**F. Judge Chen's Order Dismissing Case C13-04442EMC Should Be Vacated**

Judge Whyte's order dismissing case C14-80017RMW is based on judge Chen's order dismissing case C13-04442EMC. So are judge Seeborg's order dismissing case C14-80018RS, judge White's order dismissing case C14-80028JSW, judge Freeman's order dismissing case C14-80174BLF, and judge Davila's orders dismissing both case C14-80214EJD and case C14-80215EJD. Because judge Chen has fabricated the order dismissing case C13-04442EMC in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c), the order must be vacated.

## CONCLUSION

Based on the above arguments, the Court should allow applicant to intervene in the present litigation. At the same time, judge Chen's December 20, 2013 order dismissing case C13-04442EMC (Doc. No. E40) should be vacated.

Respectfully submitted this 5th day of August 2014.

*Kuang-bao Ou-young*

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Defendant-Intervenor Applicant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZAO Hewlett-Packard A.O., )<br>)<br>Defendant. )<br>_____ ) | Case No. CR14-00201DLJ<br><br>PROOF OF SERVICE |

This is to certify that a true and correct copy of the following:

    Defendant-Intervenor Applicant's Notice of Motions and Motion to Intervene and Motion to Vacate Order

was mailed by the undersigned postage prepaid by Priority Mail to the following:

Adam A. Reeves
Assistant U.S. Attorney
U.S. Attorney's Office
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102

Jason Dean Linder
Assistant U.S. Attorney
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, DC 20005

Ryan James Rohlfsen
Assistant U.S. Attorney
U.S. Department of Justice
219 S. Dearborn Avenue, 5th Floor
Chicago, IL 60604

Christopher James Steskal
Fenwick & West
555 California Street, 12th Floor
San Francisco, CA 94104

F. Joseph Warin
John W.F. Chesley
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Jessica S. Ou
Gibson Dunn
1881 Page Mill Road
Palo Alto, CA 94304-1211

Date: August 5, 2014

                                                                                            */s/ Kuong Lin Ou-Young*
                                                                                      Kuong Lin Ou-Young
                                                                                      260 N. Pastoria Avenue
                                                                                      Sunnyvale, CA 94086